The Chief Justice
delivered the opinion of the court.
This certiorari has removed here the judgment of the court of Common Pleas of the county of Middlesex, upon an appeal from the court for the trial of small causes..
One of the reasons for reversal is, that the court admitted a witness called by the appellee, the plaintiff below, who had not been examined or offered before the j ustice.
By the act of November 23d, 1821, the parties are confined to the same evidence as was offered before the justice, unless at the *terrn to which the appeal is made, either of them files an affidavit stating that he hath newly discovered evidence and setting forth the substance of the same, and the names of the witnesses to be examined.
At the term to which the appeal in the present case was made, the appellee filed an affidavit stating “ that Samuel R. Hamilton is a material witness in the above suit on appeal, by whom he the said John Thompson expects to prove and believes he can prove that he the said Samuel R. Hamilton sold to the said J. Thompson the above named and described timber, and that he the said Samuel R. Hamilton had good right and lawful authority to sell said timber in question to the said John Thompson, that he the said John Thompson recovered in the above suit, against the said William Gulick, which testimony he has since discovered, since the trial above said.”
The witness named in the affidavit was objected to when offered, but was admitted and examined, on the trial of the appeal.
This examination was unlawful unless the affidavit is a compliance with the requirement of the statute.
*174 The affidavit states two points to be proved by the witness : 1st, that he sold to the plaintiff the timber described in the state of demand, and for the conversion of which the suit was brought; and, 2d, that he had good right and lawful authority to sell the same to the plaintiff.
Now we ought not to suppose that, the appellee meant to swear that he had discovered since the trial that Samuel E. Hamilton bad sold the timber to him; or that he could prove this fact by him ; for he avers in his state of demand that he purchased of Samuel E. Hamilton. Nor can we suppose the appellee intended, to say he had discovered since the trial, for the first time, that Samuel E. Hamilton had right and authority to sell the timber. A comparison of the affidavit with the previous proceedings in the cause shews that it does not in these respects disclose the substance of newly discovered evidence. I am not able fully to understand the making of the affidavit, unless after the trial it had occurred to the appellee for the first time, either by the advice of counsel or his own discernment, that the testimony of Mr. Hamilton would be useful in the establishment of his claim, or unless' he had discovered after the trial that the *witness knew some matters tending to shew his right and authority to sell the timber, of which the appellee had not been previously apprised. If the first supposition is right, it is not a case of newly discovered evidence within the meaning of the statute. If the latter is the truth, the substance of the matters so newly discovered should have been stated.
The affidavit is not in my opinion, a compliance with the condition prescribed in the statute for the introduction of a new witness, and he was therefore unlawfully admitted and examined.
Let the judgment be reversed.